UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

No. 1:26-cv-02790

**Maldonado Maldonado,**
*Petitioner,*
v.
**Collins, et al.,**
*Respondents.*

## ORDER

Gabriel Maldonado Maldonado is a native and citizen of Mexico currently being detained by Respondents pending removal proceedings pursuant to 8 U.S.C. § 1225(b)(2). He filed a petition for writ of habeas corpus demanding his immediate release or an individualized bond hearing and an injunction against transfer outside the jurisdiction of this Court while his petition is pending. Because his detention is lawful, his petition and request for injunctive relief are denied.

## BACKGROUND

Petitioner last entered the United States without inspection on or about March 16, 2001. Petitioner was detained by federal immigration authorities on or about September 22, 2026, following a traffic stop. Petitioner is currently detained at the T. Don Hutto Detention Center in Taylor, Texas.

On October 1, 2026, Petitioner filed a petition for a writ of habeas corpus contesting his detention and seeking immediate release or an individualized bond hearing and an injunction against removal from this Court's jurisdiction while his petition is pending. The Court ordered Respondents to show cause why the writ should not be granted. Respondents

answered, Petitioner replied, and the Court now addresses the petition.

## LEGAL STANDARD

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. CONST. art. I, § 9, cl. 2). Through 28 U.S.C. § 2241, Congress authorized federal district courts to entertain habeas corpus petitions, including petitions brought by noncitizens such as Petitioner, challenging the lawfulness of their immigration detention. *See Demore v. Kim*, 538 U.S. 510, 516–17 (2003) (confirming section 2241 jurisdiction over a constitutional challenge to immigration detention); *see also Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). The writ exists to "grant relief from unlawful imprisonment or custody," *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976), and does not reach a challenge to a final order of removal, which Congress has channeled exclusively to the courts of appeals, *see* 8 U.S.C. § 1252(a)(5).

To obtain the writ, a petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam). The petitioner bears the burden of demonstrating that the challenged custody is unlawful, and the Court must "summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

## ANALYSIS

Petitioner asserts that his pre-removal detention is unlawful because it violates due process, the Administrative Procedure Act ("APA"), the Immigration and Nationality Act

("INA") and its implementing regulations, the equal protection clause, the *Accardi* doctrine, and the Suspension Clause. His arguments, however, fail.

Petitioner's lead argument is that his detention without a bond hearing violates both procedural and substantive due process. But the Fifth Circuit has rejected both arguments, holding that "due process does not entitle [Petitioner] to additional proceedings beyond what Congress has provided[,]" and that an alien "ha[s] no substantive due process right to freedom from custody pending removal proceedings[.]" *Rodriguez v. Vergara*, __ F.4th __, 2026 WL 3181188, at *5, 12 (5th Cir. Oct. 23, 2026) (en banc). Because Congress expressly authorized detention of an alien "'for a [removal] proceeding'" without an individualized bond hearing, *id.* at *3 (quoting 8 U.S.C. § 1225(b)(2)(A)) (alteration in original), Petitioner's due process claim thus fails, *id* at *7.

To the extent Petitioner argues that his detention nonetheless violates due process because it is prolonged or indefinite, that argument fails too. "So long as an alien's detention pending removal has a definite termination point—removal or release—his or her continued confinement without bond hearing does not offend due process." *Id.* at *13 (cleaned up). Here, "removal remains a viable prospect," so "continued detention . . . does not violate due process." *Id.* The Due Process Clause therefore does not require granting the writ.

Petitioner's argument that his detention violates his right to equal protection of the laws is also meritless. The Fifth Amendment provides that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law[.]" U.S. CONST. amend. V. "The Supreme Court has interpreted the Fifth Amendment to contain an equal protection component[.]" *United States v. Barcenas-Rumualdo*, 53 F.4th 859, 864 (5th Cir. 2022) (quoting *Washington v. Davis*, 426 U.S. 229, 239

(1976)) (cleaned up). "Fifth Amendment equal protection claims against federal actors are analyzed under the same standards as Fourteenth Amendment equal protection claims against state actors." *Chi v. Warden, Bluebonnet Det. Facility*, No. 1:26-cv-067-H, 2026 WL 1062625, at *4 (N.D. Tex. Apr. 13, 2026) (quoting *Butts v. Martin*, 877 F.3d 571, 590 (5th Cir. 2017)). Under those standards, the Government "may pursue legitimate purposes by any means having a conceivable rational relationship to those purposes" if they "do not burden a fundamental right or target a suspect class[.]" *Smith v. Davis*, No. 2:17-cv-0013, 2017 WL 1857442, at *3 (N.D. Tex. Mar. 28, 2017) *report and recommendation adopted*, No. 2:17-cv-0013, 2017 WL 1857240 (N.D. Tex. May 5, 2017) (quoting *Stern v. Tarrant County. Hosp. Dist.*, 778 F.2d 1052, 1054 (5th Cir. 1985) (en banc), *cert. denied*, 476 U.S. 1108 (1986)).

Petitioner concedes that Respondents' action here is subject only to rational basis review. Pet. at ¶ 120 (ECF No. 1). Petitioner nonetheless argues that the Government had no rational reason to treat Petitioner differently than other similarly situated unlawful entrants. Pet. at ¶ 119. Petitioner alleges that his "disparate treatment rests solely on DHS's post-hoc classification of Petitioner as an 'applicant for admission'" and that his characterization as an applicant for admission is "based on disputed and unreviewed allegations regarding the manner and timing of Petitioner's entry[.]" Pet. at ¶ 117. But Petitioner admits in his Petition that he "entered the United States on March 16, 2001, undetected." Pet. at ¶ 28. Petitioner is therefore an applicant for admission as he was not inspected or paroled into the United States. And Petitioner does not dispute that all applicants for admission held under section 1225(b)(2) are currently not entitled to a bond hearing. Pet. at ¶ 45 ("DHS now considers all noncitizens who have entered the United States without inspection . . . to be subject

to mandatory detention under section [] 1225(b) and ineligible for release on bond."). Petitioner's argument, therefore, is that *previous* administrations gave people like him individualized bond hearings instead of detaining them. That is true so far as it goes. But it does not make out an equal protection claim because there is a compelling (not merely rational) reason for the different treatment. Namely, this administration is doing what Congress instructed. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026) (explaining that section 1225 "unambiguously provides for mandatory detention"). It is not an equal protection violation for Respondents to start following the law.

The *Accardi* doctrine also does not require Petitioner's release. Petitioner alleges he was arrested without a warrant and that this violates the *Accardi* doctrine. *See United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954). But even if his arrest was unlawful, that does not entitle him to the remedy of a writ of habeas corpus. The Supreme Court has held that "[t]he mere fact of an illegal arrest has no bearing on a subsequent deportation proceeding." *I.N.S. v Lopez-Mendoza*, 468 U.S. 1032, 1040 (1984). Put differently, an unlawful arrest does not immunize a person from deportation proceedings or detention as part of those proceedings. Courts have thus denied habeas petitions demanding release based on an allegedly unlawful arrest. *See, e.g., Carnesolta v. Tate*, No. 4:26-cv-01006, 2026 WL 948727, at *4 (S.D. Tex. Apr. 8, 2026) (denying habeas petition raising the *Accardi* doctrine regarding a warrantless arrest and collecting cases); *Hernandez v. Collins*, No. 1:26-cv-02242, 2026 WL 2790690, at *2 (W.D. Tex. Sept. 17, 2026) (same).

Petitioner's APA, INA, implementing regulation, and Suspension Clause arguments fare no better for the reasons set forth in Parts I and III-IV of this Court's decision in *Tapia v.*

*Mullin*, 834 F. Supp. 3d 718 (W.D. Tex. 2026). APA relief is available only when "'there is *no other adequate remedy* in a court[.]'" *Id.* at 726 (quoting 5 U.S.C. § 704) (emphasis in original). Petitioner's APA claim thus fails because, "[b]y requesting habeas relief[,] . . . Petitioner admits that an adequate remedy exists outside of the APA." *Id*. Petitioner's implementing regulation claim fails because "he does not explain why his detention, which is mandatory under section 1225, is unlawful due to the alleged regulatory noncompliance." *Id.* "If agency regulations contradict the plain text of the governing statute, the law enacted by Congress controls." *Id.* And Petitioner's INA claim fails because the Fifth Circuit has held that aliens similarly situated to Petitioner are "'seeking admission'" to the United States and thus are "subject to [the INA's] mandatory detention command." *Id.* at 722. Petitioner's suspension clause argument is also meritless because "detained aliens under section 1225(b)(2)(A) have been challenging, and continue to challenge, the lawfulness of their detention through writs of habeas corpus filed in district courts across the country." *Id.* at 727 (collecting cases).

Petitioner is also not entitled to an injunction against transfer outside this Court's jurisdiction. Petitioner presents no persuasive reason for the Court to enter an injunction prohibiting his transfer. *See, e.g., Gonzalez v. Ybarra*, No. 3:25-cv-00656-LS, 2026 WL 93140 (W.D. Tex. Jan. 7, 2026) (denying a request for a temporary restraining order barring the petitioner from being transferred from a district). He has provided no reason why his transfer would be unlawful. And as this order explains, his detention is, in fact, lawful. Without a successful claim on the merits, no relief can be had. *See VRC LLC v. City of Dallas*, 460 F.3d 607, 611, 615–16 (5th Cir. 2006) (stating "[t]he party seeking a permanent injunction must . . . establish [ ] success on the merits[,]" and denying a

permanent injunction for failure to prevail on the merits). To the extent Petitioner's request for an injunction against transfer outside the Court's jurisdiction is a request for an injunction against removal, he has likewise presented no persuasive reason for the Court to enjoin Respondents from removing him from the United States. Even if he had, the Court would lack jurisdiction to do so. *See* 8 U.S.C. § 1252(g); *see, e.g.*, *Hernandez*, 2026 WL 2790690, at *2 (denying a request for an injunction against transfer).

* * *

The petition for writ of habeas corpus is denied.

The Clerk is directed to serve this Order electronically on the United States Attorney's Office for the Western District of Texas.

*So ordered by the Court on November 6, 2026.*

ANDREW DAVIS
United States District Judge